## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                                                 Case No. 05-11767 - WRS
                                                                      Chapter 13
DONNA H. DAVENPORT
WILLIAM S. DAVENPORT,

    Debtors.

## MEMORANDUM DECISION

### I. FACTS

This case is before the Court upon First National Bank of Brundige's (hereinafter "First National") Response to Debtors' Motion to Avoid Lien (Doc. 27) and upon the Debtors' Response to First National Bank of Brundidge's Objection to Status of Claim (Doc. 25). After consideration of the aforementioned documents and the underlying motion to avoid judicial lien (Doc. 20) filed by the Debtor, the Court finds that procedural impediments preclude the Court from making a determination on the merits of the status of the judicial lien pursuant to either 11 U.S.C. § 522(f) or 11 U.S.C. § 506. The Court understands the arguments made by the Debtors to raise both provisions to avoid First National's judicial lien.

The Court will briefly summarize the sequence of events that have brought the parties to this point. This matter was heard on November 30, 2005. The Debtor was present by counsel Michael D. Brock and First National was present by counsel James N. Thomas. On September 27, 2005 the Debtor filed a Motion to Avoid Lien of The First National Bank of Brundidge claiming that the lien impairs an exemption to which the Debtors' would be entitled under § 522(f). (Doc. 20). First National filed its response on

October 13, 2005. (Doc. 27). On October 6, 2005 First National objected to its treatment in the Debtors' Chapter 13 plan as an "unsecured" creditor. (Doc. 22). First National asserts that it recorded a judgment in the amount of $13,855.20 against all of the Debtors' property on April 6, 2005 in the Probate Office of Pike County Alabama and for this reason they should be treated as a secured creditor under the Debtors' plan. (Doc. 22). The Debtors responded to this objection asserting that First National's status as unsecured was appropriate. (Doc. 25).

The property in question consists of two lots located on Grimes St., Troy, Alabama 36081 and 2.9 acres of land located at 197 County Road 5502, Troy, Alabama 36081. The Schedules list these pieces of property as adjoining homestead. With respect to the two lots, the current market value according to Schedule A is $5,000.00 and it is encumbered by a mortgage to Troy Bank & Trust in the amount of $6,601.52. The 2.9 acres of land is valued at $46,630.00 and is encumbered by a mortgage to Greentree in the amount of $52,633.06. At the November 30, 2005 hearing it was expressed by both parties that there was no need to hold an evidentiary hearing on the value of the property in question.

## II. DISCUSSION

Before the Court is the Debtors' motion to avoid the judicial lien of First National pursuant to § 522(f). (Doc. 20). However, a review of the Debtors' schedules reflects that the Debtors' real property has not been claimed as exempt. Despite the fact that the Debtors appear to have no equity in the real property, they are required to claim an

exemption in order to effectuate a lien avoidance under § 522(f).  Swaim III v. Kleven, 2004 WL 3550144, at *3 (N.D. Ind. Aug. 27, 2004)("debtors may not avoid judicial liens upon property without actually claiming an exemption in that property"); see also Kollec v. Fields (In re: Fields), 2005 WL 2205787, at *11 (Bankr. C.D. Ill. July 27, 2005)(a lack of equity in the property is not a basis for denial of an exemption claim").  Furthermore, the Court observes that due to amendments in the Bankruptcy Reform Act of 1994, a lack of equity in the subject property will no longer prevent the avoidance of a judicial lien. In re: Meincke, 2004 WL 1175129, at *2 (Bankr. C.D. Ill. 2004, May 21, 2004); see also Holloway v. John Hancock Mut. Life Ins. Co (In re: Holloway), 81 F.3d 1062, 1069-1070 (11th Cir. 1996)(stating that Wrenn v. American Cast Iron Pipe Co. (In re: Wrenn), 40 F.3d 1162 (11th Cir. 1994) has been overruled by 1994 amendments to the Bankruptcy Code); In re: Thomsen, 181 B.R. 1013 (Bankr. M.D. Ga. 1995)(judgment lien did not attach to property with a value less than the amount owed on the first mortgage plus the debtor's exemptions).  However, without asserting a claim of exemption with respect to the real property, the Debtors cannot avoid the judicial lien under § 522(f) on that property.

     Alternatively, the Court understands that the Debtors have raised arguments pursuant to § 506(a) and (d) at the November 30, 2005 hearing.  However, § 506(d) requires the Debtors to take the affirmative step of filing a formal complaint under Rule 7001(2), Fed. R. Bankr. P.  The Court's initial impression from its review of the applicable law and pleadings at this stage indicates that where the collateral has no equity remaining to which the lien can attach, the lien is avoided and the judgment creditor is left with a wholly unsecured claim pursuant to § 506(a) and (d)— the primary effect

being that any future appreciation of the subject property accrues to the benefit of the Debtor. However, no determination can be made under § 506(a) and (d) without the filing of a formal complaint.

### III.  CONCLUSION

In summary, the Court is precluded from making a determination pursuant to § 522(f) where no claim of exemption has been made as to the Debtors' real property and alternatively no determination can be made pursuant to § 506(a) and (d) without the filing of a formal complaint. Alas, the Debtors here have two options at their disposal — 1) amend their list of exemptions in the Schedules to include the Debtors' real property; or 2) initiate an Adversary Proceeding pursuant to Rule 7001 to seek a determination of the extent of the judicial lien under § 506(a) and (d). At present, the Debtors' Motion to Avoid Lien remains undisturbed. (Doc. 20). The Court will enter an Order setting this matter for hearing by way of a separate document.

Done this 15th day of December, 2005.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Michael D. Brock, Attorney for Debtors
   James N. Thomas, Attorney for First National Bank of Brundidge