## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                                     Case No. 05-11767 - WRS
                                                          Chapter 13
DONNA H. DAVENPORT
WILLIAM S. DAVENPORT,

    Debtors.

### MEMORANDUM DECISION

This case is before the Court upon First National Bank of Brundige's (hereinafter "First National") Response to Debtors' Motion to Avoid Lien (Doc. 27) and upon the Debtors' Response to First National's Objection to Status of Claim. (Doc. 25). For the reasons set forth below, the judicial lien of the First National Bank of Brundige is avoided in its entirety with respect to the Debtors' real and personal property. (Doc. 20). Further, First National's Objection to Status of Claim (Doc. 25), is OVERRULED.

The Court will briefly review the facts in this case. This matter was originally heard on November 30, 2005. The Debtor was present by counsel Michael D. Brock and First National was present by counsel James N. Thomas. On September 27, 2005 the Debtor filed a Motion to Avoid Lien of The First National Bank of Brundidge claiming that the lien impairs an exemption to which the Debtors' would be entitled under § 522(f). (Doc. 20). First National filed its response on October 13, 2005. (Doc. 27). On October 6, 2005 First National objected to its treatment in the Debtors' Chapter 13 plan as an "unsecured" creditor. (Doc. 22). First National asserts that it recorded a judgment in the amount of $13,855.20 against all of the Debtors' property on April 6, 2005 in the Probate Office of Pike County Alabama and for this reason they should be treated as a

secured creditor under the Debtors' plan. (Doc. 22). The Debtors responded to this objection asserting that First National's status as unsecured was appropriate. (Doc. 25).

The property in question consists of two lots located on Grimes St., Troy, Alabama 36081 and 2.9 acres of land located at 197 County Road 5502, Troy, Alabama 36081. The Schedules list these pieces of property as adjoining homestead. With respect to the two lots, the current market value according to Schedule A is $5,000.00 and it is encumbered by a mortgage to Troy Bank & Trust in the amount of $6,601.52. The 2.9 acres of land is valued at $46,630.00 and is encumbered by a mortgage to Green Tree in the amount of $52,633.06. At the November 30, 2005 hearing it was expressed by both parties that there was no need to hold an evidentiary hearing on the value of the property in question.

After review of the aforementioned motion to avoid lien, the Court observed that the Debtors had not claimed their real property as exempt. The Court further concluded that this needed to be done before the Debtors could attempt to avoid the subject judicial lien. (Doc. 38, 39). This matter was heard again by the Court January 11, 2006. The Debtors were present by counsel Michael D. Brock and First National was not present. The Debtors have amended their schedules in accordance with the Court's Order. (Doc. 42).

"11 U.S.C. § 522(f)(2)(A) provides a simple arithmetic test to determine the extent to which a lien impairs an exemption of specific property. The exemption is impaired to the extent the total of all liens on the property plus the exemption exceed the

fair market value of the property." In re Gostian, 215 B.R. 237, 238 (Bankr. M.D. Ala. 1997).[1]

In the instant case, the lien of First National, attaching to the Debtors' real property is avoided in its entirety.

| | |
|---|---|
| Green Tree | $52,633.06 |
| Troy Bank & Trust | $6,601.52 |
| First National | $13,855.20 |
| Joint Homestead Exemption | $10,000.00[2] |
| | ------------- |
| Total | $83,089.78 |
| - | $52,633.06 (value of the real property) |
| | ------------ |
| | $30,456.72 |

---

[1] Section 522(f)(2)(A) provides, in relevant part, the following:

> For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—
> (i) the lien;
>
> (ii) all other liens on property; and
>
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
>
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

[2] See Ala. Code § 6-10-2 (1975).

3
Case 05-11767    Doc 43    Filed 01/20/06    Entered 01/20/06 11:45:50    Desc Main
Document    Page 3 of 5

Accordingly, because the Debtors' homestead exemption is impaired to the extent of $30,456.72, the $13,855.20 lien of First National is avoided in its entirety. Similarly, First National's lien on the Debtors' personal property is completely extinguished.

| | |
|---|---|
| First National | $13, 855.20 |
| All other liens on the property | $0.00 |
| Joint Personal Property Exemption | $6,000.00[3] |
| | ----------- |
| Total | $19,855.20 |
| | - $5,765.46 (value of the property) |
| | ----------- |
| | $14,089.74 |

As the Debtors' exemption is impaired to the extent of $14,089.74, the judicial lien of First National on the Debtors' personal property is avoided entirely. As a consequence of avoidance, the judicial lien will not attach to any future appreciation of the subject property. In re Gostian, 215 B.R. 237, 239. Consistent with the conclusions heretofore reached, the judicial lien of First National is avoided in its entirety with respect to the Debtors' real and personal property. (Doc. 20). Furthermore, in light of the legal conclusions heretofore reached, First National's Objection to Status of Claim is hereby OVERRULED. (Doc. 22). The Court will enter an Order consistent with this Memorandum Decision by way of a separate document.

---

[3] See Ala. Code 6-10-6 (1975).

Done this 19th day of January, 2006.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Michael D. Brock, Attorney for Debtors
James N. Thomas, Attorney for First National Bank of Brundidge
Curtis C. Reding, Trustee